[Civ. No. 5190. Second Appellate District, Division One.—April 16, 1926.]

JOHN M. NIELSEN et al., as Executors, etc., Respondents, v. E. GOTTSCHALK & CO., INC. (a Corporation), Appellant.

[1] APPEAL—CONFLICTING EVIDENCE—VERDICT.—Although the evidence is conflicting, where there is sufficient evidence to sustain the verdict of the jury, the appellate court cannot substitute its opinion of the facts for that of the jury.

[2] NEGLIGENCE—PERSONAL INJURIES—DAMAGES—VERDICT—EVIDENCE. In this action for damages for personal injuries resulting in a verdict and judgment in favor of plaintiff for the sum of twenty thousand dollars, it is held on appeal, after an examination of the entire case, that it cannot be said that the portion of the evidence which sustains the judgment is inherently improbable or that the amount of the verdict is excessive.

[3] ID.—INSTRUCTIONS—CONSIDERATION AS A WHOLE.—In such action, the contention of defendant that two of the instructions given, relating to the assessment of damages, informed the jury that with respect to certain elements of damage they might fix the amount to be recovered in accordance with their sound discretion, and (by implication) that in so doing they might disregard the evidence, and that the court erred in refusing an instruction requested by defendant, that the jury must decide the case solely upon the facts as shown them by the evidence, is not supported, where the court instructed the jury that "If you should decide to find the verdict in favor of the plaintiff in this case, then in the determination of the amount of such verdict, you are not to indulge in speculation nor should you be swayed by sympathy

---

1. See 2 Cal. Jur. 921; 2 R. C. L. 194.

or prejudice but you should be controlled wholly by the evidence and the law," and where taken as a whole the instructions given by the court fully and fairly stated the law of the case to the jury.

(1) 4 **C. J.**, p. 858, n. 3, p. 859, n. 7.    (2) 4 **C. J.**, p. 853, n. 60, p. 871, n. 6, 8, 10; 17 **C. J.**, p. 1091, n. 85.    (3) 17 **C. J.**, p. 1062, n. 82; 38 **Cyc.**, p. 1711, n. 19, p. 1784, n. 86.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gallaher, Simpson & Hays for Appellant.

Theodore M. Stuart for Respondent.

YORK, J.—This is an appeal from a judgment rendered in favor of the above-named Anna M. Nielsen, now deceased, but alive at the time of the rendition of judgment. The judgment was rendered in favor of the original plaintiff herein against the defendant for the sum of twenty thousand dollars, by reason of injuries sustained by her through negligence of the defendant. The substitution of the executors, as such, has been regularly made herein.

[1] There is substantial conflict in the evidence. But even if the greater weight of the evidence is on the side of the defendant there is sufficient evidence to sustain the verdict of the jury, and this court cannot substitute its opinion of the facts for that of the jury. [2] It is claimed by the appellant that that portion of the evidence which sustains the judgment is inherently improbable. After an examination of the entire case we cannot say that this is so, nor can we say the amount of the verdict is excessive.

[3] Concerning the court's instructions to the jury, appellant contends that two of the instructions given, relating to the assessment of damages, informed the jury that with respect to certain elements of damage they might fix the amount to be recovered in accordance with their sound discretion, and (by implication) that in so doing, they might disregard the evidence. Supplementing their criticism of those instructions, counsel for appellant further insist

that the court erred in refusing an instruction requested by them, telling the jurors that they must decide the case solely upon the facts as shown to them by the evidence.

On both branches of these objections, it seems to us to be a sufficient reply that the court did instruct the jury as follows: "If you should decide to find the verdict in favor of the plaintiff in this case, then, in the determination of the amount of such verdict, you are not to indulge in speculation nor should you be swayed by sympathy or prejudice but you should be controlled wholly by the evidence and the law." Taken as a whole, the instructions given by the court fully and fairly stated the law of the case to the jury.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1926.